UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JAMES DONOVAN,

                Plaintiff,

         - against -

CIT BANK, N.A., and VARTAN
DERBEDROSSIAN,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-4374 (PKC) (AKT)

PAMELA K. CHEN, United States District Judge:

On August 4, 2021, *pro se* Plaintiff James Donovan filed a complaint in this court against CIT Bank, N.A. ("CIT Bank"), and Vartan Derbedrossian, alleging that CIT Bank is improperly pursuing a foreclosure sale of a property located at 11 Waverly Court, Wading River, NY 11792 (the "Subject Property"), and that Defendants had committed fraud in the original foreclosure action. Plaintiff also filed an affidavit asserting that the Subject Property is scheduled for foreclosure sale on September 1, 2021. (*See* Plaintiff's Affidavit ("Pl. Aff."), Dkt. 3, at ECF[1] 2.) Plaintiff seeks a preliminary injunction preventing the foreclosure sale, as well as monetary damages for pain and suffering. For the following reasons, Plaintiff's request for a preliminary injunction is denied, and this matter is dismissed as precluded by the Court's decisions in the prior, underlying foreclosure action.

## BACKGROUND

As discussed below, the foreclosure at issue in this case has already been litigated extensively in this district. The Court thus takes the following facts from the decision of the Honorable Joseph F. Bianco in *Cit Bank, N.A. v. Conroy*, No. 14-CV-5862 (JFB) (AKT), 2018

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

WL 4861373 (E.D.N.Y. Oct. 5, 2018), *aff'd sub nom. CIT Bank N.A. v. Donovan*, —F. App'x—, No. 19-3022, 2021 WL 1327216 (2d Cir. Apr. 9, 2021) (summary order).

## I.     The State Action

On April 25, 2007, Plaintiff executed a mortgage note in favor of non-party IndyMac Bank, FSB in the principal sum of $600,000, secured by a lien on the Subject Property. The note and mortgage both state that the failure to make each monthly payment in full on the due date will constitute a default. After a series of transactions, CIT Bank acquired the note. Plaintiff "defaulted on the payment due February 1, 2009, and all payments thereafter." *Cit Bank*, 2018 WL 4861373, at *8.

On August 9, 2009, Defendant CIT Bank, then known as OneWest, commenced a state court action in New York Supreme Court, Suffolk County (the "State Action"), attempting to foreclose on the Subject Property. Plaintiff moved for summary judgment. By Order dated December 15, 2010, the state court found that there was no admissible proof that OneWest was the successor in interest to IndyMac with respect to the mortgage loan and thus lacked standing to commence the lawsuit. On August 12, 2013, the state court granted summary judgment to Plaintiff, based on OneWest's failure to demonstrate standing as of the date the State Action was filed.

## II.    The Federal Action

On October 7, 2014, CIT Bank, as a successor to OneWest, brought a foreclosure action in this Court (the "Federal Action"). Plaintiff moved for summary judgment on the ground that the State Action precluded CIT Bank from bringing the Federal Action under the doctrines of res judicata and collateral estoppel. Plaintiff also argued that (1) the assignment and indorsement of the mortgage note were insufficient, (2) CIT Bank had failed to give proper notice under New York's Real Property Actions and Proceedings Law ("RPAPL") § 1304, (3) this Court lacked

2

subject matter jurisdiction, and (4) the doctrine of judicial estoppel applied. CIT Bank cross-moved for summary judgment. By Memorandum and Order dated May 3, 2017, the Honorable Leonard D. Wexler granted Plaintiff's motion for summary judgment based solely on collateral estoppel, and dismissed the complaint.

On May 17, 2017, CIT Bank filed a motion for reconsideration of the collateral estoppel decision. By Memorandum and Order dated July 20, 2018, Judge Bianco, who had been re-assigned the case in the interim, granted CIT Bank's motion for reconsideration. Thereafter, on October 5, 2018, Judge Bianco granted summary judgment to CIT Bank. First, Judge Bianco found that CIT Bank held the mortgage note, having received it on or about May 30, 2014, after the conclusion of the State Action. He thus concluded that CIT Bank had standing to bring the foreclosure action. In reaching this conclusion, he rejected Plaintiff's "claim that the Note was fraudulently indorsed." *Cit Bank*, 2018 WL 4861373, at *6. Judge Bianco also disagreed with Plaintiff's assertion that Defendant Derbedrossian, who had provided a "stamp indorsement" on one version of the mortgage note, "was not authorized to indorse Notes on behalf of IndyMac." *Id.* at *6–7. Further, Judge Bianco found that CIT Bank had "established its standing on independent grounds as the assignee of the Note." *Id.* at *7. Finally, Judge Bianco found that Plaintiff had defaulted on the mortgage note, and that "the notice requirements of RPAPL § 1304 were satisfied." *Id.* at *8. Judge Bianco therefore granted summary judgment to CIT Bank and directed CIT Bank "to submit a proposed judgment of foreclosure providing for a sale of the Subject Property." *Id.* at *10.

On November 5, 2018, CIT Bank submitted the proposed judgment. The judgment was not immediately issued, in part because Plaintiff noticed an appeal and sought a stay of all district court orders pending the appeal. *See OneWest Bank N.A. v. Conroy et al*, No. 14-CV-5862 (PKC)

3

(AKT), ECF Nos. 156, 159, 163. The appeal and stay request were withdrawn in February 2019. *See id.*, ECF No. 167.[2] This matter was reassigned to the undersigned in July 2019, and this Court entered a "judgment of foreclosure and sale" on August 20, 2019. *See id.*, ECF No. 175. Plaintiff appealed the judgment of foreclosure, and, on April 9, 2021, the Second Circuit affirmed this Court's decision. *See CIT Bank N.A.*, 2021 WL 1327216, at *3.

### III. The Present Action

On August 4, 2021, Plaintiff filed the present action. (*See* Complaint ("Compl."), Dkt. 1.) He also filed an affidavit asserting that the Subject Property is scheduled for foreclosure sale on September 1, 2021. (*See* Pl. Aff., Dkt. 3, at ECF 2.) He seeks a preliminary injunction preventing the foreclosure sale, as well as monetary damages for pain and suffering. (*See* Dkt. 2; *see also* 8/9/2021 Docket Order ("constru[ing] [Plaintiff's] request as seeking a preliminary injunction rather than a temporary restraining order").) Plaintiff claims that (1) the decisions in the State Action prevent CIT Bank from foreclosing on the Subject Property (*see* Compl., Dkt. 1, ¶¶ 36–37); (2) CIT Bank lacks authority to foreclose on the Subject Property or collect on the loan; (*see id.* ¶¶ 38–42); (3) Defendant Derbedrossian was not entitled to sign the mortgage note (*see id.* ¶¶ 38–39); and (4) Plaintiff never defaulted (*see id.* ¶ 40).

On August 27, 2021, CIT Bank filed an Affirmation in Opposition to Plaintiff's claim. (*See* Dkt. 12.) On August 30, 2021, Plaintiff filed a Memorandum of Law in support of his motion for a preliminary injunction. (*See* Plaintiff's Memorandum of Law ("Pl. Mem."), Dkt. 13.)

---

[2] The appeal was withdrawn with prejudice, by stipulation of the parties, "because the appeal was taken before the district court issued a final order." *See OneWest*, No. 14-CV-5862 (PKC) (AKT), ECF No. 169 (USCA Mandate citing 28 U.S.C. § 1291; *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008)).

## LEGAL STANDARD

"[A] preliminary injunction is an extraordinary remedy never awarded as of right." *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018) (per curiam) (citation and quotations omitted). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citation omitted). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *New York by James v. Griepp*, —F.4th—, No. 18-2454, 2021 WL 3777611, at *2 (2d Cir. Aug. 26, 2021) (citations omitted).

## DISCUSSION

### I. Issue and Claim Preclusion

"Issue preclusion, also referred to as collateral estoppel, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to a prior judgment.'" *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (brackets omitted) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)). "The preclusive effect of a federal-court judgment is determined by federal common law." *Id.* (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). Issue preclusion applies when (1) "the identical issue was raised in a previous proceeding"; (2) "the issue was actually litigated and decided in the previous proceeding"; (3) "the party raising the issue had a full and fair opportunity to litigate the issue in the prior proceeding"; and (4) "the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* (citation and brackets omitted). "[I]ssue preclusion extends not only to issues that are expressly decided but also to those issues that are by necessary implication adjudicated in the prior litigation." *Id.* at 375 (citation and quotations omitted).

5

"The second doctrine is claim preclusion (sometimes [] called res judicata)." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020). "Unlike issue preclusion, claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Id.* "If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id.* at 1594–95 (citations and quotations omitted). "If the party against whom preclusion is sought did in fact litigate an issue of ultimate fact . . . and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 122 (2d Cir. 2007) (brackets omitted) (quoting Restatement (Second) of Judgments § 27, cmt. n.c (1982)).

## II. Plaintiff Has Not Shown a Likelihood of Success on the Merits Because the Court's Previous Decisions Preclude His Claims

Plaintiff has not carried his burden to show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League*, 883 F.3d at 37 (citation omitted). Even if he could show irreparable harm and that a preliminary injunction would be in the public interest, he has raised no serious question on the merits because his claims are precluded.

Plaintiff asks the Court to enjoin the foreclosure sale on September 1, 2021. But Plaintiff and CIT Bank have already litigated this claim, and the Court—as set forth in Judge Bianco's 2018 decision—has already determined that CIT Bank is entitled to foreclose on the Subject Property. *See OneWest Bank N.A.*, No. 14-CV-5862 (PKC) (AKT), ECF No. 175. Plaintiff appealed the

6

judgment of foreclosure, and, on April 9, 2021, the Second Circuit affirmed this Court's decision. *See CIT Bank N.A.*, 2021 WL 1327216, at *3. Plaintiff's present complaint thus "advances the same claim as an earlier suit between the same parties," and the Court's "judgment [in the Federal Action] prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *See Lucky Brand Dungarees*, 140 S. Ct. at 1594–95 (citations and quotations omitted); *see also Williams v. Bayview Loan Servicing, LLC*, No. 19-CV-6023 (KAM), 2020 WL 5708919, at *4 (E.D.N.Y. Sept. 24, 2020) (rejecting a complaint related to a foreclosure, in part "because the prior federal action between [the plaintiff] and [the defendant] concerned the same property," so the plaintiff "should have brought any and all claims he could have brought pursuant to that property").

Plaintiff contends that he "has just learned" various facts supporting the allegation that "CIT Bank and [Defendant] Derbedrossian have committed fraud." (Compl., Dkt. 1, ¶¶ 38–41.) But to the extent Plaintiff is suggesting that "facts that have accumulated after the first action are enough on their own to sustain the second action," *Cayuga Nation*, 6 F.4th at 376, the Court disagrees. The facts Plaintiff alleges he "has just learned" not only existed at the time of the Federal Action, but they were *presented* to the Court in that case.

First, Plaintiff alleges that he "has just learned that Vartan Derbedrossian accepted employment with the [FDIC]," and he contends that Derbedrossian thus lacked signing authority with respect to the mortgage note. (Compl., Dkt. 1, ¶¶ 38–39.) But Judge Bianco in 2018 observed that, contrary to Plaintiff's assertion, Derbedrossian "kept his signing authority when the FDIC was appointed conservator of IndyMac Bank," and that, in any event, this issue would not have

7

affected the outcome of the case. *See Cit Bank*, 2018 WL 4861373, at *7 (citation, quotations, and brackets omitted).

Second, Plaintiff invokes a "loan history" document that contains information Plaintiff alleges "CIT Bank did not disclose to the Court" in the Federal Action. (*See* Compl., Dkt. 1, ¶ 40; *see also* Dkt. 1-13.) Plaintiff asserts that the loan history document shows that he did not default on the mortgage loan. (*See* Compl., Dkt. 1, ¶ 40.) But, in 2018, Judge Bianco considered this exact loan history document and determined that Plaintiff "defaulted on the payment due February 1, 2009, and all payments thereafter." *Cit Bank*, 2018 WL 4861373, at *8 (citing the document containing information Plaintiff now claims CIT Bank failed to disclose to the Court).

Third, Plaintiff alleges that he has "just now discovered that" a document referred to in the Federal Action as "the Roll to Permanent Modification Agreement . . . does not contain the signature of Defendant." (Compl., Dkt. 1, ¶ 41; *see also* Dkt. 1-14.) Again, however, Judge Bianco explicitly considered this document in his 2018 summary judgment decision. *See Cit Bank N.A.*, 2018 WL 4861373, at *2. The document thus is not new evidence that emerged after Judge Bianco issued his decision. Plaintiff therefore has presented no evidence that was not before Judge Bianco in 2018, let alone that would overcome claim preclusion. *Cf. Williams*, 2020 WL 5708919, at *4 ("Even if Plaintiff had alleged additional facts in an attempt to state a plausible claim, Defendant's motion would be granted on claim preclusion grounds.").

In his memorandum in support of his request for a preliminary injunction, Plaintiff argues that "the issue of [CIT Bank's] prima facie showing of standing to foreclose on [P]laintiff's mortgage when it commenced the [F]ederal [A]ction on December 7, 2014, is *not identical* to the issue of whether CIT Bank had standing to foreclose when it commenced the [State Action]." (Pl. Mem., Dkt. 13, at ECF 4.) But that is beside the point. The issue is whether the present action

8

involves the same claim as the Federal Action—namely, whether CIT Bank is entitled to foreclose on the Subject Property. As discussed, that claim has been litigated and decided adversely to Plaintiff. Further, to the extent Plaintiff asserts that the judgment in the State Action precluded the Court's decision in the Federal Action, Judge Bianco addressed this precise issue in granting reconsideration, concluding "that CIT Bank [was] not collaterally estopped [by the State Action] from proceeding with its claims" in the Federal Action. *CIT Bank N.A. v. Conroy*, No. 14-CV-5862 (JFB) (AKT), 2018 WL 3518504, at *4 n.5 (E.D.N.Y. July 20, 2018). Plaintiff thus is precluded from raising this argument. *See Cayuga Nation*, 6 F.4th at 374.³

## CONCLUSION

Plaintiff's request for a preliminary injunction is denied. Further, because Judge Joseph F. Bianco's decision in *Cit Bank, N.A. v. Conroy*, No. 14-CV-5862 (JFB) (AKT), 2018 WL 4861373 (E.D.N.Y. Oct. 5, 2018), *aff'd sub nom. CIT Bank N.A. v. Donovan*, —F. App'x—, No. 19-3022, 2021 WL 1327216 (2d Cir. Apr. 9, 2021), precludes Plaintiff's claims here, this matter is dismissed. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 31, 2021
       Brooklyn, New York

---

³ Plaintiff also appears to argue that CIT Bank may not foreclose on the Subject Property because, having accelerated the mortgage loan when it commenced the State Action, CIT Bank was not permitted to accelerate the mortgage loan a second time when it commenced the Federal Action, "without first revoking its prior acceleration." (Pl. Mem., Dkt. 13, at ECF 5–6.) But Plaintiff fails to explain why he could not have raised this argument in the Federal Action. Because Plaintiff now seeks to enjoin foreclosure—the same claim litigated in the Federal Action—the Court's "judgment prevents litigation of all grounds for, or defenses to, [foreclosure] that were previously available to the parties, regardless of whether they were asserted or determined in the" Federal Action. *See Lucky Brand Dungarees*, 140 S. Ct. at 1594–95 (citations and quotations omitted).

9